## HEICHEW v. HAMILTON.

In an action upon a contract, in which the defendant sold land, as a tavern stand, to the plaintiff, under the express stipulation, as an inducement to the purchaser, that the defendant should discontinue tavern keeping at his residence near the land sold; held, that such contract was violated by occasionally keeping travelers for pay; that the defendant could not be justified in entertaining any part of the traveling public for compensation, and that the plaintiff need not prove special damages.

Where there has been a previous recovery on the same contract, the plaintiff may set up such previous recovery, by way of estoppel, to show that certain stipulations in the contract, as conditions precedent on his part, had been complied with, and the defendant was estopped from denying all but the subsequent breach and damage.

### Appeal from Dubuque District Court.

*Opinion by* HALL, J. This case was originally commenced before a justice of the peace, and appealed to the district court. The suit was brought upon a contract, by which the defendant sold the plaintiff a tract of land for the purpose of a tavern stand, and in the sale, as a part consideration, agreed that as soon as the plaintiff had erected suitable buildings, and was prepared to keep tavern, that the defendant, who had previously been engaged in that business, would quit the business in favor of plaintiff. The defendant denied the contract; and also, the breach of contract; and also, that plaintiff was prepared to entertain the traveling public. The plaintiff interposed to defendant's answer, by way of estoppel, a judgment in plaintiff's favor against the defendant in the district court of Dubuque county, in a suit brought upon the same contract.[a]

Upon the trial below, the court instructed the jury "that before the defendant could recover he must prove special damages; that having declared upon a special con-

(a) *Heichew* v. *Hamilton*, 3 G. Greene, 596.

tract, the plaintiff must prove the special contract as set forth; that before the plaintiff could recover, the plaintiff must prove that the defendant kept a tavern; and that occasionally keeping travelers for pay does not constitute tavern keeping; that if the jury believed that there was any contract, and that such contract was that defendant should quit tavern keeping when plaintiff was prepared to keep tavern, the plaintiff must prove that he was prepared to keep tavern before he can recover damages for defendant's tavern keeping." The plaintiff below took exceptions to these instructions to the jury, and assign their errors thereon.

In the instructions given by the court, the idea is clearly advanced to the jury, that, to constitute a breach of the contract, nothing short of the defendant's holding himself out to the world as a tavern keeper, and making a regular and notorious business of keeping tavern, would be sufficient to constitute a breach. In this the court went too far. There certainly can be a point where the contract would be broken, short of an open and shameless public breach and defiance of his clear obligation. There was a purpose and an object which the parties had in view when they entered into the contract, and the defendant was bound to act in good faith, and carry out that object and purpose. To entertain a friend or a stranger, who could go no farther, or persons whom the plaintiff could not accommodate; to exercise all the benevolence and charity of a private house-keeper, would be no breach of this contract; but he cannot evade its spirit and requirements by evasive restrictions and limitations in the manner that he serves and entertains the traveling public. He must act in good faith; he must quit the business; not half quit and half not.

The true rule is one that common honesty will instantly see, define and apply. The defendant could not entertain any part of the traveling public for the mere purpose of receiving the compensation that he might receive, without

violating this contract.   He must have been influenced by some other motive than mere pay, or he acted in bad faith towards the plaintiff.

The record of the former recovery was pleaded by plaintiff, by way of estoppel, and had the effect upon the record to estop the defendant from denying every fact in issue between the parties, except the breach of the contract, and the amount of damages.   The plaintiff had established the fact that he was prepared to keep tavern on the first trial, or he could not have recovered.   That fact once established is presumed to continue until its contrary is shown.   The instructions of the court that the plaintiff must prove that he was prepared to keep tavern, was erroneous.   When the plaintiff had proved a breach of the contract, he was entitled to at least nominal damages, and it was not required of him to prove special damages. In cases of this kind, it is difficult to fix upon a rule by which damages can be satisfactorily ascertained.   It is not expected that a plaintiff can prove a precise sum abstracted from his profits by a violation on the part of a defendant, but the jury should be careful to find sufficient damages to admonish the defendant that, "honesty is the best policy."

Judgment reversed.

*Smith, McKinlay* and *Poor*, for appellant.

*Clark* and *Bissell*, for appellee.